(*Counsel of record listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEEN BERNARDINO, an individual, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | No. C 12-4639 YGR<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**<br><br>Date: Tuesday, September 2, 2014<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor, 1301 Clay Street, Oakland<br>Judge: Hon. Yvonne Gonzalez Rogers |

SHAUN SETAREH (Cal. State Bar No. 204514)
LAW OFFICE OF SHAUN SETAREH
9454 Wilshire Boulevard, Suite 711
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com

DAVID SPIVAK (Cal. State Bar No. 179684)
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone: (310) 499-4730
Facsimile: (310) 499-4739
david@spivaklaw.com

LOUIS BENOWITZ (Cal. State Bar No. 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse
Beverly Hills, California 90212
Telephone: (310) 844-5141
Facsimile: (310) 492-4056
louis@benowitzlaw.com

Attorneys for Plaintiff Aileen Bernardino

JEFFREY D. WOHL (Cal. State Bar No. 96838)
RISHI N. SHARMA (Cal. State Bar No. 239034)
PETER A. COOPER (Cal. State Bar No. 275300)
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
rishisharma@paulhastings.com
petercooper@paulhastings.com

Attorneys for Defendant Target Corporation

On September 2, 2014, a hearing was held on the joint motion of plaintiff Aileen Bernardino and defendant Target Corporation ("Target") for final approval of their class settlement (the "Settlement") and payments to the Labor and Workforce Development Agency and the Settlement Administrator. Shaun Setareh and Hayley Schwartzkopf of the Law Office of Shaun Setareh, David Spivak of The Spivak Law Firm, and Louis Benowitz of the Law Offices of Louis Benowitz appeared for plaintiff and the Class; and Jeffrey D. Wohl, Rishi N. Sharma, and Peter A. Cooper of Paul Hastings LLP appeared for Target.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on February 14, 2014. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on September 2, 2014, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. One Class Members filed a written objection to the proposed Settlement as part of this notice period. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Target served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official, a notice of the Settlement consisting of: copies of the original, first amended, second amended, and third amended complaints in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Target's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification for settlement purposes only under Rules 23(a) and 23(b)(3), Federal Rules of Civil Procedure, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

4. The Court overrules the objections raised by the objecting Class Member.

5. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds and determines that the Settlement Shares to be paid to the Class Members, who did not timely submit valid Elections Not to Participate in Settlement, as provided for by

the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members, who did not timely submit valid Elections Not to Participate in Settlement, out of the Net Settlement Amount in accordance with the Settlement.

7. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $10,000.00 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

8. The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $39,500.00, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

9. The Court determines by separate order the request by Plaintiff and Class Counsel to the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

10. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement *for one year*.

11. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Target make payments to the Class Members in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

13. Pursuant to the Settlement, Plaintiff and all Class Members, who did not timely submit valid elections not to participate, are permanently barred from prosecuting against Target, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, trusts, employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

14. At the parties' request, the Court clarifies that the Released Claims under the Settlement are limited to claims for the late payment of final wages, and include claims for waiting-time penalties

under California Labor Code section 203 and claims for civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.* for late payment of final wages. Released Claims do not include claims for non-payment of final wages or claims under section 203 for waiting-time penalties for the period of time (up to 30 days after they were due) after the number of Days Late covered by the Settlement when final wages were still not paid. By way of example:

> Assume a Class Member upon termination was owed $100 in regular wages, but she contends she also was owed $50 in overtime wages. Assume further that Target paid the $100 in regular wages, albeit three days late, but never paid the $50 in overtime wages because it was unaware of the overtime claimed or disputed that overtime wages were owed. Under the Settlement, in return for her Settlement Share, the Class Member waives the claim for waiting-time penalties for the three days that Target delayed in paying the $100 in regular wages, but does not waive the claim for waiting-time penalties for the remaining 27-day period after the $100 in regular wages were paid.

15. The parties are hereby ordered to comply with the terms of the Settlement.

16. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 14, 2014, and this order.

17. This document will constitute a final judgment for purposes of Rule 58, Federal Rules of Civil Procedure.

18. The Parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel's Fees and Expenses Payment.

IT IS SO ORDERED.

Dated: September 16, 2014.

_____
Yvonne Gonzalez Rogers
United States District Judge